The President.
The presumption of payment arising from length of time, besides being defeated by the acknowledgments of the debtor in 1775 and 1779, is sufficiently repelled by considering the delay necessarily incurred, whilst the creditor was waiting to see what the trust estate would produce. The creditors
are not barred by the terms on which they acceded to the deed of trust, from demanding any balance not satisfied under the trust—nor does it even appear that the debtor had a letter of license, which, on such occasions, is generally given.
It never was supposed that the property of an insolvent debtor, acquired after his discharge, was exempted from the claims of his creditors until the debts before contracted were fully satisfied. It is his person only which is protected.
*253 We come now to consider the nature and extent of the relief sought for. Courts of Equity never interfere to deprive the plaintiff at Law of any legal iage which he may have gained, unless the party seeking relief, will do complete justice by paying what is really due. Indeed, they have (upon the same principle,) gone so far as to refuse their assistance, in relieving against a judgment, obtained by fraud. The trust deed furnishes no equitable bar to the cre - ditor, since he has waited to know the result of that fund, as long as could have been expected. If Payne’s executor had supposed, that a balance of the trust property were still remaining unapplied, he might have made the representatives of the trustees parties, and called for an account
Decree affirmed. (1)

 Libscomb's Adm. v. Littlepage's Adm. 1 Hen. & Munf. 468